IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:20-cv-03142-KLM

Midlab, Inc., a Tennessee Corporation,

Plaintiff,

v.

Merrie Pisano Wycoff individually and as trustee of The Wycoff Family Trust; Wycoff Financial, LLC, a Colorado Limited Liability Company; Magnus Veritas LLC, a Colorado Limited Liability Company; and GCS452, LLC, a Colorado Limited Liability Company,

Defendants.

## ANSWER TO COMPLAINT

Defendants, by and through their counsel, Brownstein Hyatt Farber Schreck, LLP, hereby file their Answer to Plaintiff's Complaint and state as follows.

### SUMMARY

Defendants deny the allegations contained in the "Summary" paragraph of the Complaint.

### PARTIES, JURISDICTION, AND VENUE

1. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore deny them.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants Admit that Wycoff financial LLC was a Colorado limited liability company. Defendants admit that Wycoff Financial, LLC was originally formed with 2 members, Jeffrey Wycoff (50%) and Merrie Pisano Wycoff (50%). Jeffrey Wycoff was the sole manager until his passing on March 31, 2018, whereupon Merrie Wycoff became the sole member. Merrie wycoff was appointed manager on August 2, 2018. Defendants admit that Wycoff Financial,

LLC was dissolved on October 20, 2018. The principal office address at the time of dissolution was 3018 S. Lakeridge Trail, Boulder, CO 80302.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint except Defendants deny that Merrie Wycoff is a member of Magnus Veritas, LLC.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint except Defendants deny that Merrie Wycoff is a member of GCS452, LLC.

## JURISDICTION AND VENUE

6. Defendants admit that jurisdiction is proper in this Court.

7. Defendants admit that personal jurisdiction is proper in this Court.

8. Defendants admit that venue is proper in this Court.

## GENERAL ALLEGATIONS

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint. Merrie Wycoff was appointed President, Vice-President, Treasurer and Secretary on August 2, 2018, approximately four months after the death of Jeff Wycoff.

12. Defendants state that the Order referenced in paragraph 12 of the Complaint speaks for itself.

13. Defendants state that certain allegations contained in paragraph 13 of the Complaint call for a legal conclusion, and Defendants are without information sufficient to admit or deny them and therefore deny them. Defendants further state the Order referenced in paragraph 13 speaks for itself. Defendants expressly deny there were any fraudulent transfers.

14. Defendants state that the Manufacturing and Supply contract referenced in

paragraph 14 of the Complaint speaks for itself.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants state that the Guaranty referenced in paragraph 16 of the Complaint speaks for itself and deny the remainder of paragraph 16.

17. Defendants are without information sufficient to admit or deny whether BHFS represented Jeffrey Wycoff in connection with the Guaranty, and therefore deny this allegation, however Defendants deny they represented Merrie Wycoff in t connection with the Guaranty.

18. Defendants state the documents referenced in paragraph 18 of the Complaint speak for themselves. Defendants deny BHFS was counsel for Merrie Wycoff in connection with the allegations contained in paragraph 18.

19. Defendants state the document referenced in paragraph 19 of the Complaint speaks for itself.

20. Defendants state the document referenced in paragraph 20 of the Complaint speaks for itself.

21. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore deny them.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in paragraph 23 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint except Defendants deny that Merrie Wycoff was a manager until after Jeff Wycoff's demise.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint except Defendants deny that Wycoff Holdings, LLC was the registered agent for ZAP! Holdings,

LLC.

27. Defendants state the documents referenced in paragraph 27 of the Complaint speak for themselves. Defendants are without information sufficient to admit or deny the remaining allegations in paragraph 27, and therefore deny them.

28. Defendants state the document referenced in paragraph 28 of the Complaint speaks for itself.

29. Defendants state the document referenced in paragraph 29of the Complaint speaks for itself.

30. Defendants admit the allegations contained in paragraph 30.

31. Defendants state the document referenced in paragraph 29 of the Complaint speaks for itself.

32. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore deny them.

33. Defendants admit that the Wycoffs purchased the Residence on or about July 30, 1998. Defendants state the documents referenced in paragraph 33 of the Complaint speaks for themselves. Defendants deny the remainder of the allegations contained in paragraph 33.

34. Defendants state the document referenced in paragraph 34 of the Complaint speaks for itself.

35. Defendants deny the Statement of Financial Condition was materially misleading and deny it reflected a disregard for corporate formalities and separations of Wycoff financial, LLC and ZAP! Holdings, LLC.

36. Defendants state the document referenced in paragraph 36 of the Complaint speaks for itself and deny the remaining allegations contained in paragraph 36.

37. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 37 of the Complaint, and therefore deny them.

38. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 38 of the Complaint, and therefore deny them.

39. Defendants state the document referenced in paragraph 39 of the Complaint speaks for itself.

40. Defendants state the document referenced in paragraph 40 of the Complaint speaks for itself.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint, and therefore deny them.

43. Defendants state the document referenced in paragraph 43 of the Complaint speaks for itself. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 43 of the Complaint, and therefore deny them.

44. Defendants state the document referenced in paragraph 44 of the Complaint speaks for itself.

45. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 45 of the Complaint, and therefore deny them.

46. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 46 of the Complaint, and therefore deny them.

47. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 47 of the Complaint, and therefore deny them.

48. Defendants deny that Merrie Wycoff exercised control over Wycoff Financial,

LLC or that Merrie Wycoff caused Periodic Reports to be filed for Wycoff Financial, LLC.

49. Defendants state the documents referenced in paragraph 49 speak for themselves. As to the remaining allegations contained in paragraph 49 of the Complaint, Defendants are without information sufficient to admit or deny the allegations, and therefore deny them.

50. Defendants admit the allegation contained in paragraph 50 of the Complaint.

51. Defendants admit that Bluewater Media, LLC filed an action against Merrie Wycoff, Wycoff Financial, LLC, and Zap! Products, Inc. in Boulder District Court, as Case No. 2018-cv-30519. Defendants state that the complaint in that case speaks for itself.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants state that the document referenced in paragraph 53 of the Complaint speaks for itself.

54. Defendants state that the document referenced in paragraph 54 of the Complaint speaks for itself.

55. Defendants admit the allegations contained in paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in paragraph 58 of the Complaint.

59. Defendants state that the document referenced in paragraph 59 of the Complaint speaks for itself.

60. Defendants state that the documents referenced in paragraph 60 of the Complaint speaks for themselves.

61. Defendants state that the document referenced in paragraph 61 of the Complaint speaks for itself.

62. Defendants state that the document referenced in paragraph 62 of the Complaint speaks for itself.

63. Defendants state that the document referenced in paragraph 63 of the Complaint speaks for itself.

64. Defendants state that the documents referenced in paragraph 54 of the Complaint speak for themselves.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants state that the document referenced in paragraph 66 of the Complaint speaks for itself.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint. In fact, the allegations contained in paragraph 67 are false and malicious, reflecting impure motives by Midlab, Inc.

68. Defendants state that the documents referenced in paragraph 68 of the Complaint speak for themselves.

69. Defendants state that the documents referenced in paragraph 69 of the Complaint speak for themselves.

70. Defendants admit that Merrie Wycoff continues to reside in the residence and oversees the use and operation of the Farm.

71. Defendants admit that Merrie Wycoff is the sole shareholder of ZAP! Products Inc. and deny the remaining allegations in paragraph 71.

72. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegation contained in paragraph 73 of the Complaint except

admits that ZAP! Products, Inc. is insolvent.

74. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 74 of the Complaint, and therefore deny them. Defendants expressly deny the inventory was comprised of finished products that were produced to service ZAP! Products, Inc., rather Midlab contracted with TriStar Media, not ZAP! Products.

### FIRST CLAIM FOR RELIEF
### Violations of the Uniform Fraudulent Transfer Act
### Against all Defendants

75. All responses set forth in this Answer are incorporated by reference.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 79 of the Complaint and therefore deny them.

80. The allegations contained in paragraph 80 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 80 of the Complaint and therefore deny them.

81. The allegations contained in paragraph 81 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 81 of the Complaint and therefore deny them.

82. The allegations contained in paragraph 82 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 82 of the Complaint and therefore deny them.

83. The allegations contained in paragraph 83 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 83 of the Complaint and therefore deny them.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. The allegations contained in paragraph 91 of the Complaint call for a legal conclusion and Defendants are without information sufficient to admit or deny the allegations contained in paragraph 91 of the Complaint and therefore deny them.

92. Defendants state that the findings of the Tax Court speak for themselves.

93. Defendants admit certain transactions referenced in this Complaint may have occurred after Bluewater Media LLC commenced its litigation.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

### SECOND CLAIM FOR RELIEF
**Actual Fraud**
**Against Merrie Wycoff**

97. All responses set forth in this Answer are incorporated by reference.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. The amounts assessed by the Internal Revenue Service speak for themselves. The remaining allegations contained in paragraph 104 of the Complaint call for a legal conclusion, consequently Defendants deny the remaining allegations contained in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint, but admit that there were insufficient assets to warrant opening up a probate estate.

109. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 109 of the Complaint and therefore deny them.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Civil Conspiracy**
**Against all Defendants**

112. All responses set forth in this Answer are incorporated by reference.

113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in paragraph 114.

115. Defendants deny the allegations contained in paragraph 114 of the Complaint.

116. Defendants are without information sufficient to admit or deny the allegations relating to damage claimed contained in paragraph 116 of the Complaint and therefore deny them and deny all allegations of conspiracy.

### FOURTH CLAIM FOR RELIEF
**Promissory Estoppel**
**Against Wycoff Financial, LLC and Merrie Wycoff**

117. All responses set forth in this Answer are incorporated by reference.

118. Defendants admit that the Farm was a valuable asset, and lack information sufficient to admit or deny the representations made by Jeffrey Wycoff and therefore deny them.

119. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 119 of the Complaint and therefore deny them.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 121 of the Complaint and therefore deny them.

122. Defendants deny the allegation contained in paragraph 122 of the Complaint.

123. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 123 of the Complaint and therefore deny them.

### FIFTH CLAIM FOR RELIEF
**Unjust Enrichment and Constructive Trust**
**Against Merrie Wycoff, GSC452, LLC, and Magnus Veritas, LLC**

124. All responses set forth in this Answer are incorporated by reference.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.     Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.     The Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.     Defendants deny that Plaintiff is entitled to the relief sought in paragraph 131 of the Complaint.

## Prayer for Relief

Paragraphs A through G constitute a prayer for relief, to which to response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses, reserving the right to assert additional defenses when and where they become appropriate.

1.     Plaintiff's claims are purposefully false and pled in bad faith, thus Plaintiff should be sanctioned by this court.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

4.     Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

5.     Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

6.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet conditions precedent.

7.     Plaintiff's claims are barred, in whole or in part, by its own failure to mitigate damages.

8.     Plaintiff's claims are barred because at all times relevant to the matters alleged in

the Complaint, Defendants acted in good faith and in a reasonable manner.

9. Plaintiff's claims are barred due to estoppel, waiver, unclean hands, and/or laches.

WHEREFORE, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for any relief that the Court deems proper.

Dated December 2, 2020

/s *Steven E. Abelman*_____
Steven E. Abelman, #13980
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO  80202-4432
Phone: 303.223.1100
Fax: 303.223.1111
sabelman@bhfs.com

Attorney for Defendants

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of December, 2020, a true and correct copy of the foregoing Answer to Complaint was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, Colorado 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

_s/ *Steven E. Abelman*_____
Steven E. Abelman