# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03142-KLM

MIDLAB, INC., A TENNESSEE CORPORATION

    Plaintiffs,

v.

MERRIE PISANO WYCOFF INDIVIDUALLY AND AS A TRUSTEE OF THE WYCOFF FAMILY TRUST; WYCOFF FINANCIAL, LLC, A COLORADO LIMITED LIABILITY COMPANY; MAGNUS VERITAS, LLC, A COLORADO LIMITED LIABILITY COMPANY; AND GCS 452, LLC, A COLORADO LIMITED LIABILITY COMPANY,

    Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Counsel for Plaintiff
Ross W. Pulkrabek
Aaron Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303-534-0401

Counsel for Defendants
Steven E. Abelman
Brownstein Hyatt Farber Schreck
410 17th Street
Suite 2200
Denver, CO 80202
303-223-1100

## 2. STATEMENT OF JURISDICTION

The parties agree the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff:

Merrie Wycoff and her late husband Jeffrey Wycoff lived a lavish lifestyle by avoiding their debts and inducing others to give them credit they could not afford. Together, they were owners and officers of Zap! Products, Inc., a company that sold a cleaning product through infomercials. Merrie Wycoff, who markets herself as a self-help guru, cultivated and traded upon her and her husband's appearance of wealth and success in her book *Niche to Rich, Zap! Your Way to Success.*

At all relevant times, the law firm Brownstein Hyatt Farber Schreck ("BHFS") represented the Wycoffs in various personal and business matters. Through BHFS, the Wycoffs negotiated an agreement between Zap! and Plaintiff Midlab, which involved Midlab performing its obligations on credit. To provide Midlab with security and assurance of payment, BHFS also negotiated an agreement in which Jeffrey Wycoff personally guaranteed that Zap! would pay Midlab. As support for Jeffrey Wycoff's personal guaranty, BHFS gave Midlab a document that BHFS represented as "the personal financial statements for Jeff and Merrie" provided "for the purpose of evaluating the Midlab/Zap! Products, Inc. contract." BHFS also gave Midlab a cover letter signed by Jeffrey and Merrie Wycoff's CPA, which stated that "Jeffrey Wycoff and Merrie Wycoff are responsible for the accompanying statement of financial condition . . ." and stated that it had been prepared consistent with generally accepted accounting principles. Midlab proceeded to contract with Zap! in reliance upon the apparent strength of the Wycoff's financial statement.

In fact, Jeffrey and Merrie Wycoff's financial statement was fraudulent. Most glaringly, it omitted more than $6 million in taxes and penalties that the Wycoffs owed to the IRS. The financial statement also falsely or misleadingly characterized various assets as being owned by the Wycoffs, which in fact were held through a "Wycoff Family Trust" as well as a company, Wycoff Financial LLC.

When Midlab later called on Jeffrey Wycoff to honor his personal guaranty, Jeffrey Wycoff assured Midlab that he and Merrie Wycoff were in the process of selling their "farm" property in Boulder, Colorado to pay Midlab. The sale never materialized.

By 2018, the financial house of cards that the Wycoffs had built was crumbling. Jeffrey Wycoff regrettably died—apparently at his own hand—in March 2018.

Following Jeffrey Wycoff's death, Midlab and other creditors contacted BHFS and Merrie Wycoff to present claims. With the assistance of BHFS, and using her daughter as a straw person manager, Merrie Wycoff organized two new companies, Defendants Magnus Veritas LLC and GCS452, LLC. Thereafter, Merrie Wycoff transferred the major assets that the Wycoffs had owned or controlled—namely, the "farm" and their residence—into these two new companies. Merrie Wycoff and BHFS represented to Midlab that Jeffrey Wycoff had no assets that would justify opening an estate.

Midlab is suing all Defendants for violations of the Uniform Fraudulent Transfer Act and civil conspiracy. Midlab is suing Merrie Wycoff for actual fraud. Midlab is suing Merrie Wycoff and Wycoff Financial, LLC for promissory estoppel. Midlab is suing Merrie Wycoff, GSC 452, LLC and Magnus Veritas, LLC for unjust enrichment and the imposition of a constructive trust on assets that Jeffrey Wycoff had assured Midlab would be sold to satisfy Midlab's debt. Midlab's damages, not including interest, available statutory multipliers, and attorneys' fees, are $1,048,395.03.

b.  Defendants:

The Complaint is a transparent attempt to fabricate personal liability upon Merrie Wycoff, Magnus Veritas, LLC and GCS 452, LLC where it does not exist.  Defendants do not contest that Midlab is owed money by ZAP! and Merrie Wycoff's deceased husband, Jeff Wycoff pursuant to his guaranty. Significantly, the Complaint does not name the actual obligors as defendants.

Unlike Jeff Wycoff, who unilaterally control of all the family business interests, Merrie Wycoff never executed a guaranty to Midlab.  In fact, Merrie never communicated with Midlab prior to Jeff's death.  As a result, any attempt by Midlab to hold Merrie Wycoff liable for the Midlab indebtedness lacks merit.

Midlab complains that two real estate transactions entered into subsequent to Jeff Wycoff's death constitute fraudulent conveyances. Both transactions were sales at fair market value. Both transactions caused all proceeds to be paid to valid secured creditors. Merrie Wycoff received zero proceeds. Both transactions were expressly approved by BC24, LLC, the creditor which received the net proceeds of both transactions and who accepted $1.6 million less than the amount it was owed because, after appropriate due diligence, BC24 concluded both transactions were at fair market value.

Based upon the forgoing, none of Midlab's attempts to transform the liability of ZAP! and Jeff Wycoff to the named Defendants is supportable. There was no intent to defraud creditors, indeed the two transactions were designed to pay off two secured creditors and settle a third. As supported by an appraisal for the residence and the multi-year marketing efforts on the Farm, both properties were sold for fair market value. As a

result, it cannot be found that creditors were adversely impacted by the two transactions.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Midlab, Inc. is a corporation incorporated under the laws of the State of Tennessee with its principal offices in Tennessee.

2. Merrie P. Wycoff is a citizen of the State of Colorado who resides at 3018 South Lakeridge Trail, Boulder, CO 80302.

3. Originally, the members of Wycoff Financial LLC were Jeffrey Wycoff (50%) and Merrie Wycoff (50%).

4. Until his passing on March 31, 2018, Jeffrey Wycoff was a manager of Wycoff Financial LLC.

5. Magnus Veritas, LLC is a limited liability company organized under the laws of the State of Colorado with its principal place of business located at 3018 South Lakeridge Trail, Boulder, CO 80302.

6. GCS452, LLC is a limited liability company organized under the laws of the State of Colorado with its principal place of business located at 3018 South Lakeridge Trail, Boulder, CO 80302.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and because the citizenship of Plaintiff is different from that of any Defendant.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

9. Merrie Wycoff, together with her late husband Jeffrey Wycoff, incorporated and owned Zap! Products, Inc., a company that marketed and sold cleaning products directly to consumers through infomercials as well as through various retailers such as Wal-Mart. Jeffrey Wycoff and Merrie Wycoff incorporated Zap! Products, Inc. on November 11, 2006, as a Colorado corporation under the original name of Anteres International, Inc. Jeffrey Wycoff and Merrie Wycoff changed the name of the company to Zap! Products, Inc. on February 5, 2011.

10. Effective as of September 16, 2015, Zap! Products, Inc. through its then-President and authorized representative Jeffrey Wycoff and Midlab, Inc. through its President and authorized representative Matthew Schenk, signed a Manufacturing and

Supply Contract, pursuant to which Midlab, Inc. agreed to manufacture products for Zap! Products, Inc.

11. The law firm Brownstein Hyatt Farber Shreck ("BHFS") represented Zap! Products, Inc. in connection with the Manufacturing and Supply Contract, as evidenced by, inter alia, email exchanges between counsel at BHFS and counsel for Midlab, Inc. concerning the contract both prior to and during September 2015.

12. On November 11, 2015, as an inducement to Midlab, Inc. to continue manufacturing products for Zap Products, Inc., Jeffrey Wycoff signed a Limited Continuing Guaranty ("Guaranty"), pursuant to which he guaranteed the "full, prompt, and complete payment" of Zap Products, Inc.'s obligations to Midlab, Inc. Russell Leadingham witnessed Mr. Wycoff's signature on the Guaranty.

13. Jeffrey Wycoff died on March 31, 2018.

14. On June 1, 2018, Bluewater Media, LLC filed a lawsuit against Merrie Wycoff, Wycoff Financial, LLC, and Zap! Products, Inc. in the District Court for Boulder County, Colorado, Case No. 2018-cv-30519. Bluewater Media, LLC alleged that Jeffrey Wycoff, Merrie Wycoff, and Zap! Products, Inc. were indebted to Bluewater Media, LLC in the amount of $932,000.

15. On June 27, 2018, BHFS—counsel for Jeffrey Wycoff, Merrie Wycoff, Zap! Products, Inc., and Wycoff Financial, LLC—caused Articles of Organization to be filed with the Colorado Secretary of State for GCS452, LLC, with a principal office address of 3018 S. Lakeridge Trail, Boulder, CO 80302 (i.e., the Residence, where Merrie Wycoff continued to reside). The Articles of Organization identified the individual forming GCS452, LLC as Azuraye Wycoff of 18 Magnus Avenue, Somerville, MA 02413.

16. On July 23, 2018, BHFS caused Articles of Organization to be filed with the Colorado Secretary of State for Magnus Veritas Farm, LLC, with a principal office address of 3018 S. Lakeridge Trail, Boulder, CO 80302 (i.e., the Residence, where Merrie Wycoff continued to reside). The Articles of Organization identified the individual forming Magnus Veritas Farm, LLC as Azuraye Wycoff.

17. Azuraye Wycoff is the daughter of Jeffrey Wycoff and Merrie Wycoff. At the time of the aforementioned transfers, Azuraye Wycoff was a recent college graduate living in Massachusetts.

18. On July 24, 2018, BHFS filed documents with the Colorado Secretary of State to change the name of Magnus Veritas Farm, LLC to Magnus Veritas, LLC.

19. On August 1, 2018, Colman Hoffman on behalf of Midlab, Inc. notified Merrie Wycoff by email that Midlab, Inc. had a claim against the estate of Jeffrey Wycoff in the amount of $841,121.90 plus interest. The email included supporting documentation.

20. On August 3, 2018, Vince Keller, on behalf of Midlab, Inc., mailed a letter to Merrie Wycoff notifying her that Midlab, Inc. had a claim against the estate of Jeffrey Wycoff in the amount of $841,121.90 plus interest. The letter included supporting documentation.

21. On October 1, 2018, BHFS, as legal counsel for and on behalf of Merrie Wycoff, sent a letter to Colman Hoffman stating as follows:

> At the request of our client, Merrie Pisano Wycoff, I am writing in response to your letter dated August 3, 2018. This communication serves as notice to you and your client that we have been advised that no probate estate has been opened for the Estate of Jeffrey Wycoff and that no personal representative has been appointed.
>
> Ms. Wycoff has also advised us that the assets of the decedent subject to administration have been determined to be insufficient to warrant a probate proceeding. It is not anticipated by Ms. Wycoff that a probate estate will be required in the future.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims the following damages: actual damages of $1,048,395.03, consisting of $841,121.90 that Zap! Products owed to Midlab and were subject to the guaranty signed by Jeffrey Wycoff; additional costs of product that was ordered for the benefit of Zap! Products in the amount of $207,253.13, some or all of which was also subject to the guaranty signed by Jeffrey Wycoff. None of the foregoing damages would have been incurred but for the fraudulent representations by Zap! Products, Jeffrey Wycoff, and Merrie Wycoff to induce Midlab to do business with Zap! Products. Midlab also is entitled to judgment for additional damages under C.R.S. § 38-8-109(c) against all parties found to have acted with actual intent to hinder, delay, or defraud Midlab. In addition, Midlab is entitled to prejudgment interest at the highest available rate. Midlab also requests its actual costs pursuant to C.R.S. § 38-8-109(c) as well as its attorneys' fees to the extent provided by agreement, common law, or statute.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

**January 11, 2021**

    b.   Names of each participant and party he/she represented.

**Ross Pulkrabek for the plaintiff, Midlab, Inc.**

**Steve Abelman for the defendants, Merrie P. Wycoff, Wycoff Financial, LLC, Magnus Veritas, LLC, and GCS 452, LLC.**

    c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**The parties will exchange Rule 26(a)(1) disclosures on or before January 25, 2021.**

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**The parties will exchange Rule 26(a)(1) disclosures on or before January 25, 2021.**

    e.   Statement concerning any agreements to conduct informal discovery:

**The parties have exchanged some information informally and will continue to look for opportunities to do so as appropriate.**

    f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

**The parties have discussed and will continue to discuss discovery efficiencies, including taking depositions by remote means to reduce travel expense when appropriate.**

    g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**Plaintiff's Statement: Plaintiff's counsel anticipates that most document discovery sought from defendants will be in the form of emails, financial statements, or other electronically stored information. Plaintiff's counsel believes that Defendants have possession, custody, or control of such information individually or through Merrie Wycoff, Zap! Products, Inc., and/or Brownstein Hyatt Farber Schreck. The parties have engaged in preliminary discussions concerning retrieval of such information and the concept of having Defendants spearhead retrieval and production of electronically stored information in their possession, custody, or control so that they may review information for claims of privilege. Similarly, most relevant information in Plaintiff's possession is in electronic form. Plaintiff proposes that electronically stored information be**

**converted to and produced in PDF form and that the parties agree to produce electronically stored information in native format when reasonably requested (e.g., when metadata may be relevant, the authenticity of the original document is legitimately in dispute, or production of an Excel spreadsheet, QuickBooks file, or similar native document may facilitate the parties' pretrial analysis or use at trial).**

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**The parties have discussed settlement and will continue to discuss the possibility of settlement.**

## 7. CONSENT

**All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.**

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**None.**

    b.    Limitations which any party proposes on the length of depositions.

**None, subject to the presumptive limits under the Federal Rules of Civil Procedure.**

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

**None.**

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

**All written discovery shall be served no later than 35 days before the discovery cutoff.**

    e.    Other Planning or Discovery Orders

**None.**

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

**April 15, 2021**

    b.    Deadline for the Designation of Non-Parties at Fault:

**February 1, 2021**

    c.    Discovery Cut-off:

**August 27, 2021**

    d.    Dispositive Motion Deadline:

**November 1, 2021**

    e.    Expert Witness Disclosure:

        1.    The parties shall identify anticipated fields of expert testimony, if any:

**Plaintiff: Plaintiff anticipates calling a forensic accountant and a real estate appraiser.**

**Defendants: Defendants anticipate calling experts to rebut any experts disclosed by Plaintiff.**

        2.    Limitations which the parties propose on the use or number of expert witnesses.

**Each side may call one expert per subject.**

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 28, 2021**. This includes disclosure of information applicable to "Witnesses Who Must Provide

a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 28, 2021. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

    f.    Identification of Persons to Be Deposed:

At present, and without waiving its right to identify other deponents as may be determined as the case proceeds, Plaintiff anticipates deposing some or all the following individuals and/or entities:

    **(a)**    **Merrie Wycoff;**
    **(b)**    **Azuraye Wycoff;**
    **(c)**    **Devon Wycoff;**
    **(d)**    **Wycoff Financial, LLC;**
    **(e)**    **Zap! Products, Inc.;**
    **(f)**    **Kevin A. Cudney, Esq.;**
    **(g)**    **Robert H. Henke, CPA;**
    **(h)**    **Bluewater Media, LLC or a representative thereof;**
    **(i)**    **BC24, LLC or a representative thereof; and**
    **(j)**    **Other creditors of Zap! Products, Inc., or Jeffrey or Merrie Wycoff as of 2018, to be determined through discovery.**

    g.    Deadline for Interrogatories:

**All interrogatories will be served no later than 35 days before cutoff.**

    h.    Deadline for Requests for Production of Documents and/or Admissions:

**All requests for production of documents and requests for admissions shall be served no later than 35 days before cutoff.**

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on _____ at o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.  Anticipated length of trial and whether trial is to the court or jury.

**Trial will be to the Court. The parties request 3 days.**

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301.

**None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 20th day of January, 2021.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Ross W. Pulkrabek*
Ross W. Pulkrabek
Aaron Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303-534-0401
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
Counsel for Plaintiff

*s/ Steven E. Abelman*
Steven E. Abelman
Brownstein Hyatt Farber Schreck
410 17th Street
Suite 2200
Denver, CO 80202
303-223-1100
sabelman@bhfs.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that on this 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

*s/ Steven E. Abelman*
Steven E. Abelman
Brownstein Hyatt Farber Schreck
410 17th  Street
Suite 2200
Denver, CO 80202
303-223-1100
sabelman@bhfs.com
Counsel for Defendants


                                               *s/ Ross W. Pulkrabek*
                                               Ross W. Pulkrabek
                                               Keating Wagner Polidori Free, P.C.