IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03142-DDD-KLM

**MIDLAB, INC., a Tennessee Corporation,**

Plaintiff,

v.

**ZAP! Products, Inc., a Colorado Corporation; Merrie Pisano Wycoff individually and as trustee of The Wycoff Family Trust; Wycoff Financial, LLC, a Colorado Limited Liability Company; Magnus Veritas LLC, a Colorado Limited Liability Company; and GCS452, LLC, a Colorado Limited Liability Company,**

Defendants.

---

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINE FOR JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

---

Plaintiff Midlab, Inc., by and through undersigned counsel, for its Unopposed Motion to Extend Deadline for Joinder of Parties and Amendment of Pleadings ("Unopposed Motion"), states the following:

**CERTIFICATE OF CONFERRAL**

Plaintiff's counsel has conferred with counsel for Defendants concerning the relief sought by this Unopposed Motion. Defendants' counsel advised there was no objection to the relief sought hereby.

1. The present deadline for joinder of parties and amendment of pleadings is April 15, 2021. [#27 at ¶ 9.a.] No extension of this deadline has been previously sought or granted.

2. According to documents produced and discovery responses provided by Defendants thus far:

1

a. Defendants ZAP! Products, Inc., Merrie Pisano Wycoff, and Wycoff Financial, LLC, were borrowers or guarantors with respect to certain obligations to BC24, LLC, another creditor.

b. Certain insurance trusts—namely, the Jeffrey B. Wycoff and Merrie Wycoff 2003 Insurance Trust u/a/d December 11, 2003 and the Merrie Wycoff 2003 Insurance Trust u/a/d December 15, 2003 (the "Insurance Trusts")—likewise guaranteed the obligations to BC24, LLC.

c. At least one of the Insurance Trusts at one time held a $10,000,000 life insurance policy that insured the life of Jeffrey Wycoff.

d. The above Defendants acknowledged that there had been a default on the obligations to BC24, LLC, due to, *inter alia*, the death of Jeffrey Wycoff and the Insurance Trusts' "disclaimer of liability…based on the disbursement of life insurance proceeds, the sole [Insurance Trusts'] assets, to the beneficiaries[.]"

e. Approximately $10,000,000 in life insurance policy proceeds have been distributed to Merrie Wycoff and her children.

f. Merrie Wycoff's children received at least $3,100,000 each in life insurance proceeds, for a total of $6,200,000.

g. It appears that at least $3,775,000 of those life insurance proceeds were transferred to two trusts: the Azuraye J. Wycoff Irrevocable Trust utd June 19, 2018, and the Devon A. Wycoff Irrevocable Trust utd June 19, 2018 (the "Children's Trusts"), of which Merrie Wycoff is a trustee, along with her children.

h. The Children's Trusts, in turn, each became members of Defendants GCS452, LLC and Magnus Veritas, LLC, and funded those limited liability companies.

      i. GCS452, LLC and Magnus Veritas, LLC granted Merrie Wycoff control over their bank accounts and purchased two parcels of real property (the Residence and Farm referred-to in the Complaint) from entities controlled by Merrie Wycoff, who remitted the net sale proceeds to BC24, LLC.

3. Because of the Insurance Trusts' default, assets that otherwise would have been available to satisfy BC24, LLC's claims were not directly available to BC24, LLC. Instead, it appears that BC24, LLC's claims were satisfied by transferring the Residence and Farm to insiders of Merrie Wycoff, thereby reducing the available assets available to satisfy other creditors such as Plaintiff.

4. Due to ongoing unresolved discovery issues, the complexity of the at-issue transactions (the details of which were in many cases not public and only recently disclosed in discovery), and trial schedule and paternity leave for Plaintiff's respective counsel, Plaintiff requires additional time to seek the joinder of parties and amendment of pleadings.

5. Plaintiff seeks a one-month extension of the deadline to join parties or amend pleadings to May 17, 2021 (May 15, 2021, is a Saturday).

6. Good cause exists pursuant to F.R.C.P. 16(b)(4) for the sought relief.

7. No party will be prejudiced by this extension.

8. Pursuant to D.C.COLO.LCivR 6.1(c), service of this Unopposed Motion will be made contemporaneously on Plaintiff by Plaintiff's counsel.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Unopposed Motion and provide Plaintiff through an including May 17, 2021 within which to join parties or amend pleadings.

Dated: April 15, 2021

Respectfully submitted,

/s/ *Aaron D. Goldhamer*
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, Colorado 80203
303.534.0401
agoldhamer@keatingwagner.com

**CERTIFICATE OF SERVICE**

        I hereby affirm that on April 15, 2021, I filed the foregoing through EM/ECF, effectuating electronic service on the following:

        Steven Abelman
        Brownstein Hyatt Farber Schreck, LLP
        410 17th Street, Suite 2200
        Denver, CO 80202
        sabelman@bhfs.com
        *Counsel for Defendants*

                                            */s/     Amanda Sauermann*
                                                    Amanda Sauermann