# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03142-KLM

MIDLAB, INC., A TENNESSEE CORPORATION

    Plaintiffs,

v.

MERRIE PISANO WYCOFF INDIVIDUALLY AND AS A TRUSTEE OF THE WYCOFF FAMILY TRUST; WYCOFF FINANCIAL, LLC, A COLORADO LIMITED LIABILITY COMPANY; MAGNUS VERITAS, LLC, A COLORADO LIMITED LIABILITY COMPANY; AND GCS 452, LLC, A COLORADO LIMITED LIABILITY COMPANY,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Midlab, Inc. and Defendants Merrie Pisano Wycoff, Wycoff Financial, LLC, Magnus Veritas, LC, and GCS 452, LLC stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in injury to one or more of the Parties' business or privacy interests.  The Parties

have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential and proprietary business information, trade secrets or personal financial information. No Party or counsel for a Party shall designate information as confidential unless he, she, or it has made a good faith determination that the specific information so designated contains proprietary business information, trade secrets, or personal financial information that, if generally disclosed, would result in injury.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to any interrogatory or request for admission; or

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no

later than ten calendar days after receipt of the transcribed testimony.

4.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be used by the receiving party or his, her, or its legal counsel only for the purpose of this litigation and not for any business or other purpose whatsoever.

5.     Any Party or his, her, or its counsel who receives Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and, unless compelled by lawful order, shall not divulge the Confidential Information, either verbally or in writing, to any third person except for purposes of preparation for and trial of this action and any appeals.

6.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

7.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information

and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

10. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this ___ day of _____, 2021.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT

- 5 -

APPROVED:

*s/ Ross W. Pulkrabek*
Ross W. Pulkrabek
Aaron Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303-534-0401
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
Counsel for Plaintiff


*s/ Steven E. Abelman*
Steven E. Abelman
Brownstein Hyatt Farber Schreck
410 Seventeenth Street
Suite 2200
Denver, CO 80202
303-223-1100
sabelman@bhfs.com
Counsel for Defendants