IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03142-DDD-KLM

**MIDLAB, INC., a Tennessee Corporation,**

Plaintiff,

v.

**Merrie Pisano Wycoff individually and as trustee of The Wycoff Family Trust; Wycoff Financial, LLC, a Colorado Limited Liability Company; Magnus Veritas LLC, a Colorado Limited Liability Company; and GCS452, LLC, a Colorado Limited Liability Company,**

Defendants.

---

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
---

Plaintiff, by and through undersigned counsel, for its Motion for Leave to File Amended Complaint ("Motion"), states the following:

**Certificate of Conferral**

Undersigned counsel conferred with Defendants' counsel concerning the relief sought by this Motion. Defendants' counsel stated that he did "not oppose [Plaintiff] filing [its] motion but reserve my rights to object based upon the content once I have had chance to review it." Undersigned counsel subsequently sent Defendants' counsel a copy of the proposed Amended Complaint, but as of this filing had not heard back from Defendants' counsel concerning Defendants' position with respect to this Motion.

1. The deadline to join parties or amend pleadings is May 17, 2021. [#35.]

2. Since filing its original Complaint [#1], discovery obtained to date from Defendants and third parties has demonstrated additional factual support for Plaintiff's claims. The additional facts—which were previously unknown to Plaintiff—all relate to the same core of complained-of

1

transactions: the transfer of two valuable pieces of real estate (the "Residence" and the "Farm") to insiders though Merrie Wycoff remains in control of those assets, all to frustrate Plaintiff's valid creditor claims.

3.     When leave to amend pleadings is requested before trial, "[t]he court should freely give leave [to amend a pleading] when justice so requires." F.R.C.P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Goode v. Gaia, Inc.*, Civil Action No. 20-cv-00742-DDD-KLM, 2020 U.S. Dist. LEXIS 230018, at **5-19 (D. Colo. Dec. 8, 2020). "[T]he non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *Collins v. Diversified Consultants Inc.*, Civil Action No. 15-cv-02115-RBJ-NYW, 2016 U.S. Dist. LEXIS 4219, at *3 (D. Colo. Jan. 12, 2016).

4.     Plaintiff's proposed Amended Complaint, attached hereto as **Exhibit 1**, does not seek to add any additional parties or new claims for relief.  Rather, the proposed Amended Complaint more fully explains the additional factual bases for Plaintiff's claims. Although it may be unnecessary to file an amended complaint under these circumstances, Plaintiff does so out of an abundance of caution to avoid any future disputes over whether Defendants had adequate notice of the scope of the facts, events, and transactions that support Plaintiff's claims.

5.     No party will be prejudiced by Plaintiff's requested amendment and amendment will not unduly delay this matter. *See Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[amended] claims track the factual situations set forth in [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), and

*R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").

6. The proposed amendment is brought in good faith as a result of discovery obtained to date and is not futile.

7. Moreover, it is consistent with the interests of justice and comports with the presumption in favor of parties amending their pleadings to permit the amendment.

8. Pursuant to D.C.COLO.LCivR 15.1, a redlined version of the proposed Amended Complaint as compared to the present Complaint is attached hereto as **Exhibit 2**.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its complaint as set forth in Exhibit 1.

Dated: May 17, 2021

                Respectfully submitted,

                /s/ *Aaron D. Goldhamer*
                Ross W. Pulkrabek
                Aaron D. Goldhamer
                Keating Wagner Polidori Free, PC
                1290 Broadway, Suite 600
                Denver, Colorado 80203
                303.534.0401
                rpulkrabek@keatingwagner.com
                agoldhamer@keatingwagner.com

**CERTIFICATE OF SERVICE**

      I hereby affirm that on May 17, 2021, I filed the foregoing through EM/ECF, effectuating electronic service on the following:

      Steven Abelman
      Brownstein Hyatt Farber Schreck, LLP
      410 17th Street, Suite 2200
      Denver, CO 80202
      sabelman@bhfs.com
      *Counsel for Defendants*

                                                   /s/    *Amanda Sauermann*
                                                         Amanda Sauermann