**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03142-DDD-KLM

Midlab, Inc., a Tennessee Corporation,

        Plaintiff,

v.

Merrie Pisano Wycoff individually and as trustee of The Wycoff Family Trust; Wycoff
Financial, LLC, a  Colorado Limited Liability Company; Magnus Veritas LLC, a Colorado
Limited Liability Company; and GCS452, LLC, s Colorado Limited Liability Company,

        Defendants.

---

## MOTION FOR PROTECTIVE ORDER

---

Movant, Devon Wycoff ("Devon Wycoff"), by and through her undersigned counsel,
Brownstein Hyatt Farber Schreck, LLP, hereby submits her Motion for Protective Order
("Motion") pursuant to Federal Rule of Civil Procedure 26(c), and states as follows.

**Certificate of Conferral:** Pursuant to D.C. Colo. L Civ. R. 7.1(A) and D.C. Colo. L Civ.
R. 30.2(A), undersigned counsel has conferred with counsel for Plaintiff Midlab, Inc. ("Midlab")
concerning the Motion. Midlab opposes the relief sought herein. Defendants do not object to the
relief sought herein.

## I.    INTRODUCTION

Midlab has subpoenaed Devon Wycoff for a deposition on August 11, 2021, despite
undersigned counsel's disclosures concerning her precarious physical and mental condition.
Devon Wycoff .  Devon Wycoff is a twenty-seven year old female who is not a party to this suit.
She suffers cognitive impairments, including some memory loss, difficulties with complex

thinking and executive functions.  These are the cumulative effect of a multitude of equestrian related concussions during her childhood, exacerbated by traumatic injuries sustained in a 2019 motor vehicle accident.  Subjecting her to the stress attendant to the proposed deposition is likely to imperil her recovery and endanger her fragile mental state.  Attached hereto is a letter from Dr. Alex Gometz, DPT, CIC, the Director of Concussion Management of New York. **Exhibit A**, A. Gometz Letter. In the letter, Dr. Gometz describes Devon Wycoff's medical condition and his opinion that health concerns militate against proceeding with Devon Wycoff's deposition.

Devon Wycoff is not a party in this case.  She is the daughter of Defendant, Merrie Wycoff, and her testimony would be almost entirely duplicative of the deposition testimony already taken of her older sister, Azuraye Wycoff. Midlab sued the Defendants, alleging, among other things, fraudulent transfers related to the change of beneficiaries under certain term life insurance proceeds. It is not disputed that Devon and Azuraye Wycoff received monies as beneficiaries of term life policies held by their father, Jeff Wycoff.  In November 2017, Jeff Wycoff changed the beneficiaries on various term life policies from a Trust and Merrie Wycoff to his two daughters. Tragically, Jeff Wycoff took his own life on March 31, 2018.

Devon Wycoff hereby submits her formal objection to, and respectfully requests that, the Court enter a protective order precluding her deposition in this matter.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "any person from whom discovery is sought may move for a protective order in the court where the action is pending." Upon the motion of a third party, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The decision to issue a protective order rests within the sound discretion of the trial court." *Wiese v. Centex Homes*, 2008 WL 5428001, at *1 (D. Colo. Dec. 31, 2008). "Rule 26(c)

confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* "[T]he party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to the party seeking protection." *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). "Additionally, the Court should consider any privacy interests and whether the case implicates issues important to the public." *Wiese*, 2008 WL 5428001 at *1.

### III.    ANALYSIS

Good cause exists for this Court to prevent Midlab from taking Devon Wycoff's deposition. Devon Wycoff's serious injuries have left her in an impaired cognitive and emotional state.  Because her health is very fragile, the act of being deposed presents a significant health risk to Devon Wycoff.

This Court should exercise its discretion to protect Devon Wycoff.  Dr. Gometz's letter constitutes good cause for avoiding unnecessary additional injury to Devon Wycoff.

### IV.    CONCLUSION

WHEREFORE, Devon Wycoff respectfully requests this Court issue a Protective Order precluding Midlab from taking her deposition in this matter.

Dated: August 10, 2021                  BROWNSTEIN HYATT FARBER SCHRECK, LLP


                                        By:  _/s/ Steven E. Abelman_____
                                             Steven E. Abelman
                                             Brownstein Hyatt Farber Schreck, LLP
                                             410 17th Street, Suite 2200
                                             Denver, Colorado 90202
                                             Tel.: 303-223-1100
                                             Fax: 303-223-1111
                                             sabelman@bhfs.com


                                        Attorneys for Respondent
                                        AZURAYE WYCOFF AND DEVON
                                        WYCOFF


## Certificate of Service

I hereby affirm that on August 10, 2021, the foregoing was filed through EM/ECF, which will provide electronic service on the following:


Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, Colorado 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

Counsel for Plaintiff

                                             /s/ Steven E. Abelman
                                             Steven E. Abelman