**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03142-KLM

**MIDLAB, INC., a Tennessee Corporation,**

Plaintiff,

v.

**Merrie Pisano Wycoff individually and as trustee of The Wycoff Family Trust; Wycoff Financial, LLC, a Colorado Limited Liability Company; Magnus Veritas LLC, a Colorado Limited Liability Company; and GCS452, LLC, a Colorado Limited Liability Company,**

Defendants.

---

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY**

---

Defendants Merrie Pisano Wycoff ("Merrie Wycoff"); Wycoff Financial, LLC ("Wycoff"), Magnus Veritas, LLC ("Magnus") and GCS452, LLC ("GCS452") (collectively "Defendants"), pursuant to F.R.C.P. 33, 34 and 36, by and through their attorneys, hereby submits their responses to Plaintiff Midlab, Inc.'s Requests for Admission as to Genuineness of Documents, Requests for Admission, Interrogatories, and Requests for Production of Documents and Things to Defendants as follows:

**QUALIFICATION TO RESPONSES**

Merrie Wycoff used her best efforts to respond to Plaintiff's First Set of Written Discovery. Prior to Jeff Wycoff's death, Merrie Wycoff had minimal involvement with the businesses they owned. She was not involved in the accounting or financial matters, nor does she have an accounting or business background. Plaintiff's inquiries relating to the period prior

1

to Jeff Wycoff's death seek information beyond her direct knowledge, as well as of the knowledge of anyone alive. She has attempted to answer the inquiries as best as she can, however, she had a minimal role in compiling or organizing business records prior to March 31, 2018. As a result, many of the responses herein are the product of extrapolating from materials she has uncovered and viewed for the first time. In summary, her ability to attest to the accuracy of various transactions which preceded her husband's death is limited.

## **GENERAL OBJECTIONS**

The following general objections ("General Objections") are made as to each and every discovery request and may not be repeated as to any specific request below, even though additional objections may also be asserted.

**General Objection No. 1**. Defendants object to each Discovery Request to the extent that it seeks information that is protected from disclosure by any privilege or immunity, including the attorney-client privilege, the work-product immunity doctrine, or any other privilege, doctrine or immunity available by law. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege or right of Defendants.

**General Objection No. 2**. Defendants object to each Discovery Request to the extent it seeks information that is neither relevant to the parties' claims or defenses in the pending action, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case.

**General Objection No. 3**. Defendants object to each Discovery Request to the extent that it is vague, ambiguous, overbroad, unreasonably cumulative or duplicative, or to the extent that compliance with such Discovery Request would be unduly burdensome, annoying, or oppressive.

**General Objection No. 4**. Defendants object to each Discovery Request to the extent that it contains multiple subparts and/or multiple requests such that Plaintiff exceeds the number of requests to which it is entitled.

**General Objection No. 5**. Defendants object to each Discovery Request to the extent it seeks materials or information already known to or in the possession of Plaintiff.

**General Objection No. 6**. Defendants object to each Discovery Request to the extent it seeks information or documents not in their possession, custody, or control.

**General Objection No. 7**. Defendants object to each Discovery Request and each Definition and Instruction to the extent it seeks to impose obligations or burdens on Defendants that are inconsistent with, or in excess of, those set forth in the Federal Rules of Civil Procedure. Defendants will respond to the Discovery Requests in compliance with the Federal Rules of Civil Procedure.

**General Objection No. 8**. By submitting these answers, Defendants do not adopt Plaintiff's purported definitions of words and phrases as used in the Requests. Defendants object to such definitions and usage to the extent that they are inconsistent with either: (1) the definitions set forth by Defendants in their responses or written discovery responses, or (2) the ordinary and customary meaning of such words and phrases. For ease of reference, however, Defendants have attempted in these responses to follow the Plaintiff's naming conventions and abbreviations unless specifically stated otherwise.

**General Objection No. 9**. Defendants reserve the right to supplement their responses as additional information and things are discovered, if any.

Defendants incorporate their General Objections into their responses to the Plaintiff's requests below. After having made reasonable inquiry and based upon information that is known

and subject to and without waiver of the foregoing objections, which Defendants hereby incorporate into each Response set forth below, Defendants state:

### REQUESTS FOR ADMISSION AS TO GENUINENESS OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 36, please admit the genuineness of the following documents that previously have been produced:

**REQUEST FOR ADMISSION No. 1:** MIDLAB_000001 to MIDLAB_000002

**RESPONSE:** Defendants are without information or knowledge sufficient to admit the genuineness of this document. Defendants admit that the signature appears to be that of Jeffrey Wycoff.

**REQUEST FOR ADMISSION No. 2:** MIDLAB_000006 to MIDLAB_000011

**RESPONSE:** Defendants are without information or knowledge sufficient to admit the genuineness of this document. Subject to and without waiving their general objections, Defendants admit that the signature appears to be that of Jeffrey Wycoff.

**REQUEST FOR ADMISSION No. 3:** MIDLAB_000012 to MIDLAB_000014

**RESPONSE:** Defendants admit that MIDLAB_12 through MIDLAB_13 are genuine. Defendants are without information or knowledge sufficient to admit the genuineness of MIDLAB_000014.

**REQUEST FOR ADMISSION No. 4:** MIDLAB_000019 to MIDLAB_000030

**RESPONSE:** Defendants are without information or knowledge sufficient to admit the genuineness of this document. Subject to and without waiving their general objections, Defendants admit that the signature appears to be that of Jeffrey Wycoff.

**REQUEST FOR ADMISSION No. 5:**  MIDLAB_000031 to MIDLAB_000033

**RESPONSE:**  Defendants are without information or knowledge sufficient to admit the genuineness of this document.  Subject to and without waiving their general objections, Defendants admit that the signature appears to be that of Jeffrey Wycoff.

**REQUEST FOR ADMISSION No. 6:**  MIDLAB_000034 to MIDLAB_000035

**RESPONSE:**  Defendants are without information or knowledge sufficient to admit the genuineness of this document.  Subject to and without waiving their general objections, Defendants admit that the signature appears to be that of Jeffrey Wycoff.

**REQUEST FOR ADMISSION No. 7:**  MIDLAB_000036

**RESPONSE:**  Defendants are without information or knowledge sufficient to admit the genuineness of this document.

**REQUEST FOR ADMISSION No. 8:**  MIDLAB_000037

**RESPONSE:**  Defendants are without information or knowledge sufficient to admit the genuineness of this document.

**REQUEST FOR ADMISSION No. 9:**  MIDLAB_000038 to MIDLAB_000096

**RESPONSE:**  Subject to and without waiving their general objections, Defendants admit that this document appears to be a genuine copy.

**REQUEST FOR ADMISSION No. 10:**  MIDLAB_000097 to MIDLAB_000100

**RESPONSE:**  Subject to and without waiving their general objections, Defendants admit that MIDLAB_000097 appears to be a genuine copy. Defendants are without information or knowledge sufficient to admit the genuineness of MIDLAB_000098 through MIDLAB_000100.

**REQUEST FOR ADMISSION No. 11:** MIDLAB_000101 to MIDLAB_000104

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that MIDLAB_000101 appears to be a genuine copy. Defendants are without information or knowledge sufficient to admit the genuineness of MIDLAB_000102 through MIDLAB_000104.

**REQUEST FOR ADMISSION No. 12:** MIDLAB_000105 to MIDLAB_000109

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that MIDLAB_000105 appears to be a genuine copy. Defendants are without information or knowledge sufficient to admit the genuineness of MIDLAB_000106 through MIDLAB_000109.

**REQUEST FOR ADMISSION No. 13:** MIDLAB_000110

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that this document appears to be a genuine copy.

**REQUEST FOR ADMISSION No. 14:** MIDLAB_000203 to MIDLAB_000205

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that this document appears to be a genuine copy.

**REQUEST FOR ADMISSION No. 15:** MIDLAB_000206 to MIDLAB_000208

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that this document appears to be a genuine copy.

**REQUEST FOR ADMISSION No. 16:** The Settlement Agreement entered into as of August 3, 2018, attached hereto as Exhibit 1.

**RESPONSE:** Subject to and without waiving their general objections, Defendants admit that this document appears to be a genuine copy.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION No. 1:**  Admit that the property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503, sometimes known as the "Farm" or "Autumn Hill Farm" was under contract for a sale price of $3,300,000 at the time of Jeffrey Wycoff's death.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants admit that there was a contract dated March 5, 2018 in the amount of $3,300,000 for the property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503.

**REQUEST FOR ADMISSION No. 2:**  Admit that the contract price of $3,300,000 for the property known as the "Farm" or Autumn Hill Farm was negotiated in good faith and at arms-length with a buyer who was not an insider or affiliate of Wycoff Financial LLC.

**RESPONSE:**  Admitted.

## INTERROGATORIES

Pursuant to Fed.R.Civ.P. 33, please answer the following interrogatories under oath. The person making the answers for each Defendant must sign them. In the event you answer any interrogatory or part of any interrogatory by reference to business records, please specify the records that must be reviewed by Bates numbers.

**INTERROGATORY NO. 1:**  For this interrogatory, please refer to the following statements made in paragraphs B and E under the "Recitals" section of the Settlement Agreement attached hereto as Exhibit 1: "B. The Loan is guaranteed on a joint and several basis by Jeffrey B. Wycoff, now deceased, the Guarantors, Jeffrey B. Wycoff and Merrie Wycoff 2003 Insurance Trust u/a/d December 11, 2003 ('Insurance Trust 1'), and Merrie Wycoff 2003 Insurance Trust u/a/d December 15, 2003 ('Insurance Trust 2'; together with Insurance Trust 1, 'Insurance Trusts') pursuant to that certain Amended and Restated Guaranty made as of July 31, 2017)."; "E. Borrower

is in default under the terms of the Loan Documents, due to . . . (iii) the disclaimer of liability pursuant to the Guaranty by the Insurance Trusts based on the disbursement of the life insurance proceeds, the sole trust assets, to the beneficiaries." Please also refer to paragraph 20 of the Settlement Agreement, which states: "The Recitals on the first page of this Agreement are hereby incorporated and made a part of this Agreement."

Please explain in detail the facts and circumstances surrounding the "default under the terms of the Loan Documents, due to . . . the disclaimer of liability pursuant to the Guaranty by the Insurance Trusts based on the disbursement of the life insurance proceeds, the sole trust assets, to the beneficiaries." Your explanation should address, at minimum, the following facts and circumstances surrounding the default: an identification of the insurance policy or policies that paid benefits upon the death of Jeffrey Wycoff by policy number and name of the company; the amount of insurance benefits paid under each such policy upon Mr. Wycoff's death and the date when such payments were made; the name of the "Insurance Trust" or other individual or entity that received each such payment; the "beneficiaries" to whom the "life insurance proceeds" were disbursed and the amounts and dates of such disbursements; and any other facts that you may wish to offer to explain why the "Insurance Trusts" committed the "disclaimer of liability pursuant to the Guaranty" rather than honoring the terms of the Guaranty.

**RESPONSE:**   In addition to their general objections, Defendants object to this interrogatory as overly broad and unduly burdensome, and further object that Plaintiffs' reference to paragraph E of the Settlement Agreement is unclear.  Subject to and without waiving these objections, Defendants state they lack information about the default referenced in section E(iii) of the Settlement Agreement other than any such default was remedied consistent with recital F in

the Settlement Agreement. Defendants are unaware of any other facts surrounding a default "due to . . . the disclaimer of liability pursuant to the Guaranty."

**INTERROGATORY NO. 2:**   Excluding claims made by BC24, LLC, the Internal Revenue Service, or Midlab, Inc., please identify each claim against Jeffrey Wycoff or his estate of which Merrie Wycoff or her attorneys or other agents received notice following his death. Please include the name, address, and telephone number of the individual or entity who made the claim, the amount of the claim, and the date the claim was made. "Claim" has the meaning defined by the Uniform Fraudulent Transfer Act as follows: "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

**RESPONSE:**   Subject to and without waiving their general objections, Defendants state that this information and relevant documents responsive to this interrogatory have previously been provided to Plaintiff as follows:

A.      Merrie Wycoff made a personal loan to ZAP! In the approximate amount of $200,000 in 2017 from monies she inherited from her mother, Jan E. Pisano.  These monies were not repaid.

B.      Merrie Wycoff received life insurance proceeds upon Jeff Wycoff's death from State Farm Life Insurance in the amount of $3,453,301.95.  These monies were used to satisfy the following debts, all of which were incurred prior to Mr. Wycoff's death:

(1)      Bluewater Media: owed $933,942.92, and was paid $107,200. *See* Boulder District Court Case #2018CV03059.

(2)     CaseStack: claimed $175,470.54 and was paid $68,000. CaseStack obtained a default judgment in September 2017. *See* California Superior Court, County of Los Angeles Case No. BC636805.

(3)     GenLabs : claimed $438,151.91. Settlement of $46,943. *See* U.S. District Court for the Central District of California Case No. CV09-06146

(4)     Hochman Salkin Tosher Tax Attorneys: claimed $368,275 and was paid $15,437. *See* Defendants' Initial Disclosures.

(5)     NextWave: claimed approximately $300,000 and was paid $25,979.84. *See* document produced as WYCOFF 1205-1208.

(6)     Leisure Marketing Inc. and Wide Horizon Sales claimed $36,924.45 and $53,617 respectively. *See* document produced as WYCOFF 1209. There was no payment to either.

(7)     Merrie Wycoff paid approximately $428,000 in credit card indebtedness owed jointly by Jeff and Merrie Wycoff. These included credit cards to American Express, Citibank, Capital One, and Vectra Bank. These credit card debts were incurred primarily by Jeff Wycoff to pay business debts associated with ZAP!.

(8)     Three & Two Films: owed $27,438.84, and were paid $2,738.

(9)     SightLine Retail, LLC: default judgment for approximately $25,000, no settlement. *See* Case number 04CV-18-1442-6, Circuit Court, Benton County, Arkansas.

(10)    Audi Flatirons: 2012 Audi vehicle loan $17,000, paid May 8, 2018.

(11)    Property Taxes, Boulder County Treasurer: $9,850 paid on April 18, 2020, and $6,591.96 paid on April 28, 2020.

(12)   Brownstein Hyatt Farber Schreck, LLP was owed approximately $175,000, which amount was paid on April 20, 2018.

(13)   Russell Leadingham:  $250,000 loan dated November 5, 2017.  Repayment of principal and interest totaling $255,035.40 was made in July 2018.   See documents produced as "Russell Loan Agreement 2017" and "Russell Paid Loan 2018".   Russell Leadingham, 9417 N. Foothills Hwy Longmont, Co 80503.

(14)   Loan from Rick Pisano in the amount of $114,109 made November 2017, repaid in April 2018.  Rick Pisano, 15148 Dickens Avenue, San Jose, CA 95124.

(15)   Loan from Jon Pisano in the amount of $69,475.30 made in November 2017, repaid in April 2018.  Jon Pisano, P. O. Box 8176, Vallejo, CA 94591.

(16)   Loan from Azuraye Wycoff in the amount of $50,000 made in November 2017, repaid in April 2018.

(17)   Loan from Devon Wycoff in the amount of $50,000 made in November 2017, repaid in April 2018.

(18)   Sanford ("Buddy") Bing loaned $10,000 in April 2018, which was repaid in April of 2018.  Sanford Bing, 20 York Road, Pennington, NY 08334.

(19)   David Wolf, Los Angeles Attorney was owed and paid $7,225.  Law Offices of David M. Wolf, 1801 Century Park East Suite 2100,  Los Angeles, California 90067; Tel: 310.504.3667.

(20)   Robert Henke, CPA was owed and paid $7,144

**INTERROGATORY NO. 3:**  For each claim identified in response to the preceding interrogatory, state whether the claim has been settled or otherwise paid, including the date of any settlement agreement, the names of the individuals or entities who made the payments, and the dates and amounts of such payments.

**RESPONSE:**  See Answer to Interrogatory No. 2 and the document produced as WYCOFF 1194-1195, as well as documents produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 4:**  For any named defendant that is an entity, state the name, address, and telephone number of each person who is or was a member and each person who is or was a manager at any time from the date the entity was formed and continuing to present. If the membership or management has changed over time, state the dates when each such person was a member or a manager.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants state as follows:

The current members of GCS452, LLC are Azuraye J. Wycoff Irrevocable Trust utd June 19, 2018 and Devon A. Wycoff Irrevocable Trust utd June 19, 2018.  c/o Steven E. Abelman, Brownstein Hyatt Farber Schreck, LLP 410 17th Street, Suite 2200, Denver, Colorado 80202; 3030.223.1100.

Wycoff Financial, LLC was dissolved as of October 30, 2018.  Merrie Pisano Wycoff was the sole member at the time of dissolution.  Address and telephone:  c/o Steven E. Abelman, Brownstein Hyatt Farber Schreck, LLP 410 17th Street, Suite 2200, Denver, Colorado 80202; 3030.223.1100.

The current members of Magnus Veritas, LLC are Azuraye J. Wycoff Irrevocable Trust utd June 19, 2018 and Devon A. Wycoff Irrevocable Trust utd June 19, 2018. c/o Steven

E. Abelman, Brownstein Hyatt Farber Schreck, LLP 410 17th Street, Suite 2200, Denver, Colorado 80202; 3030.223.1100.

**INTERROGATORY NO. 5:**  Describe the nature and duration of the relationship between Robert H. Henke, CPA, and Jeffrey and Merrie Wycoff, including whether Mr. Henke provided accounting services to Mr. and Mrs. Wycoff individually or also provided such services to entities that they owned or controlled and if so the names of each such entity, and the types of services that Mr. Henke provided to the Wycoffs or to each such entity, and the dates that Mr. Henke provided such services to the Wycoffs or each such entity.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants state that Mr. Henke provided income tax preparation for the following persons and entities, during the following time periods:

Sirius Products  / 2000-2017

Soapworks/Simplicity Intl / 2005-2017

Autumn Hill Center, LLC / 2001-2017

Antares Intl/Zap! Products, Inc. / 2006-Current

Devraye Inc. / 2001-2007

Zap 2 Intl. / 2006-2007

Paradigm Inc. / 2006-2017

Jeff and Merrie Wycoff / 2001-Current

Compiled financial statements (irregularly rendered):

Sirius Products / 2001-2011

Soapworks/Simplicity Intl / 2006-2011

Jeff and Merrie Wycoff / 2006-2017

**INTERROGATORY NO. 6:**   For this interrogatory, please refer to the document previously produced by Plaintiff that is Bates labeled MIDLAB_000013 and titled "Jeffrey and Merrie Wycoff Statement of Financial Condition October 31, 2015." Does this document present an accurate and complete statement of Jeffrey and Merrie Wycoff's financial condition as of October 31, 2015? If not, please identify each way in which the information provided on the document is inaccurate or incomplete, and state the information necessary to make the document an accurate and complete statement of Jeffrey and Merrie Wycoff's financial condition as of October 31, 2015.

**RESPONSE:**   Subject to and without waiving their general objections, Merrie Wycoff relied upon her husband's knowledge of their financial condition for purposes of the October 31, 2015 Statement of Financial Condition.  Due to the trust she reposed in Jeff Wycoff, she believes it was reasonably accurate and complete at that time.  However, she did not perform any investigation nor was she knowledgeable about the precise state of their financial affairs. Given the subsequent judgment obtained by the Internal Revenue Service, Merrie Wycoff understands that her husband's reliance on their tax attorneys' assessment of their tax liability was ill advised.  She believed at that time the IRS dispute was in the process of being resolved in their favor.

**INTERROGATORY NO. 7:**   Please identify each matter that the law firm Brownstein Hyatt Farber Schreck had handled for Jeffrey Wycoff, Merrie Wycoff, Wycoff Financial, LLC, Zap! Products, LLC, or any other entity or trust owned or controlled by Jeffrey Wycoff or Merrie Wycoff prior to November 4, 2015. The identification should include the dates of the representation on the matter, the name of each lawyer who worked on the matter, and a brief statement that describes the general nature of work performed.

**RESPONSE:**   Subject to and without waiving their general objections, including their objection to interrogatories requesting information that is subject to attorney client privilege,

Defendants' answer is as follows:  Brownstein Hyatt Farber Schreck, LLP was retained by ZAP! Products in October 2013 to perform general corporate and commercial work which included obtaining financing through lending or potential equity sources.

**INTERROGATORY NO. 8:**  For this interrogatory, reference is made to the document previously produced by Plaintiff Bates labeled MIDLAB_000013 and titled "Jeffrey and Merrie Wycoff Statement of Financial Condition October 31, 2015" and in particular the statement "Cash/ Cash Equivalents $904,000." For each bank or securities account that Jeffrey Wycoff owned or controlled, whether or in whole or in part, and whether directly or through any entity or trust, as of October 31, 2015, state the name, address, and telephone number of the bank or other financial institution, the account number of the account, and the balance on the account as of October 31, 2015.

**RESPONSE:**  In addition to their general objections, Defendants object to this request as it requests information of a non-party.  Subject to and without waiving their objections, Defendants state they are without information or knowledge sufficient to answer this interrogatory.

**INTERROGATORY NO. 9:**  Identify each lawsuit, arbitration, or other legal proceeding to which Jeffrey Wycoff, Merrie Wycoff, or any entity or trust controlled by either or both of them was a party between the period January 1, 2014, to present, including the full name of the legal proceeding, the case number, the name of the court or arbitration organization, and the name, address, and telephone number of each party and each party's legal counsel.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants state that this information has either already been provided to Plaintiff or is publicly available to it. Defendants also refer Plaintiff to the answer to Interrogatory No. 2 above and documents produced as responsive to its Requests for Production of Documents.

**INTERROGATORY NO. 10:**  Provide an inventory of property owned or controlled by Jeffrey Wycoff in whole or part immediately prior to his death, whether such property was titled in Jeffrey Wycoff's name or was in the name of any entity or trust controlled in part or in whole by Jeffrey Wycoff. The inventory must list the property in reasonable detail, indicating Jeffrey Wycoff's interest in the property, and include the fair market value as of the date of his death. The type and amount of any liens and encumbrances on the property must also be listed.

**RESPONSE:**  In addition to their general objections, Defendants object to the extent this interrogatory seeks information from a non-party and state that certain information regarding real estate liens and encumbrances are publicly available to Plaintiff.  Subject to and without waiving their objections, Defendants refer Plaintiff to documents provided in response to Plaintiff's request for production, including but not limited to documents related to 9417 and 9421 North Foothills Highway, Longmont, Colorado.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed.R.Civ.P. 34, please produce all documents in your possession, custody, or control that are responsive to the following requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**  Produce all emails, text messages, letters, facsimiles, or other written communications between (a) any individual or entity that signed the Settlement Agreement attached hereto as Exhibit 1, or any attorney or other agent of such individual or entity, and (b) BC24, LLC, Honigman Miller Schwartz and Cohn LLP, or any other agent or attorney representing BC24, LLC.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** For this request, reference is made to the "Settlement Agreement" attached as Exhibit 1 hereto. Produce each document that is referenced under the "Recitals."

**RESPONSE:** In addition to their general objections, Defendants object to this request to the extent it seeks documents that are publicly available. Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** For this request, reference is made to the "Settlement Agreement" attached as Exhibit 1 hereto and specifically the recitals in paragraphs B and E. For each policy of life insurance that was in force at the time of Jeffrey Wycoff's death and insured his life, produce the policy and any forms that designated the beneficiaries of such policy or made changes to the beneficiary designations.

**RESPONSE:** Subject to and without waiving their general objections, Defendants state that non-privileged, responsive documents will be produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** For each defendant that is other than a natural person, produce all organizational and governing documents for that defendant, including any articles of organization, operating or other governing agreements or instruments, any and all amendments or supplements to the foregoing, all minutes or resolutions, and all attachments to any of the foregoing.

**RESPONSE:** In addition to their general objections, Defendants object to this request because certain of these documents are publicly available to Plaintiff. Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:** For this request, reference is made to the document previously produced by Plaintiff Bates labeled MIDLAB_000013 and

titled "Jeffrey and Merrie Wycoff Statement of Financial Condition October 31, 2015." Produce any and all documents that substantiate that the statements of assets, liabilities, and net worth on that document were true or, if they were untrue, show the actual value of each category or asset and actual amount of each category of liability as of October 31, 2015.

**RESPONSE:**   Subject to and without waiving their general objections, including specifically that Request No. 5 is overly broad and unduly burdensome, Defendants will produce non-privileged, responsive documents, to the extent they exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**  For any bank or securities account that Jeffrey Wycoff owned or controlled as of October 31, 2015, whether in whole or in part, and whether directly or through any entity or trust, produce all monthly or other periodic statements with check images for the period beginning January 1, 2015, and continuing to the present.

**RESPONSE:**  In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control, nor likely to lead to the discovery of admissible evidence.   In addition, the request is overly broad and unduly burdensome.   Subject to and without waiving their objections,   Defendants will produce non-privileged documents responsive to this request to the extent they exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Produce all emails, letters, facsimiles, or other written communications between (a) Jeffrey Wycoff, Merrie Wycoff, or any agent or representative of either of them, and (b) Robert H. Henke that were made in connection with the preparation of the documents previously produced by Plaintiff Bates labeled MIDLAB_000012 or MIDLAB_000013 or that refer in any way to Midlab or to the documents previously produced by Plaintiff Bates labeled MIDLAB_000012 OR MIDLAB_000013.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants will produce non-privileged, responsive documents, to the extent they exist and are in the Defendants' custody or control.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**  Produce any and all statements of financial condition, balance sheets, tax returns, or other documents reflecting assets, liabilities, or net worth, for Jeffrey Wycoff or Merrie Wycoff or both that were provided to any actual or potential vendor, lender, or other creditor between January 1, 2015, and present.

**RESPONSE:** In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control.  Subject to and without waiving their objections, Defendants will produce non-privileged, responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**  Produce all emails, text messages, letters, facsimiles, or other written communications between (a) Jeffrey Wycoff, Merrie Wycoff, Wycoff Financial LLC, or any agent or representative of any of them, and (b) any real estate agent or broker, appraiser, or actual or potential buyer concerning the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503. The timeframe for this request is January 1, 2015, to present.

**RESPONSE:**  In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control. Defendants further object to this request in that these documents are already in the possession of the Plaintiff, having been produced pursuant to a subpoena issued by it. Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**  Produce all emails, text messages, letters, facsimiles, or other written communications between (a) Jeffrey Wycoff, Merrie Wycoff, Wycoff Financial LLC, or any agent or representative of any of them, and (b) any real estate agent or broker, appraiser, or actual or potential buyer concerning the real property located at 3018 S. Lakeridge Trail, Boulder, CO 80302. The timeframe for this request is January 1, 2015, to present.

**RESPONSE:**  In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control.  Defendants further object to this request in that these documents are already in the possession of the Plaintiff, having been produced pursuant to a subpoena issued by it. Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**  Produce all emails, text messages, letters, facsimiles, or other written communications between (a) Merrie Wycoff or Wycoff Financial, LLC or either of their agents, attorneys, or other representatives, and (b) Magnus Veritas, LLC or Azuraye Wycoff or Devon Wycoff or any of their agents, attorneys, or other representatives, concerning the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503. If any claim of attorney-client privilege is made in response to this request, please be specific when describing which attorneys represented which party or parties to each communication claimed to be privileged.

**RESPONSE:**  Defendants object to this request as it seeks information that is attorney client and/or attorney work product privileged and will not produce documents responsive to this request. Subject to and without waiving those objections, Defendants state that Steven Abelman, Kevin

Cudney and Sara Mares of Brownstein Hyatt Farber Shreck, LLP have represented the Defendants. Defendants also object to this request as overly broad and burdensome.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:** Produce all emails, text messages, letters, facsimiles, or other written communications between (a) Merrie Wycoff or Wycoff Financial, LLC or either of their agents, attorneys, or other representatives, and (b) GSC452, LLC or Azuraye Wycoff or Devon Wycoff or any of their agents, attorneys, or other representatives, concerning the real property located at 3018 South Lakeridge Trail, Boulder, CO 80302. If any claim of attorney-client privilege is made in response to this request, please be specific when describing which attorneys represented which party or parties to each communication claimed to be privileged.

**RESPONSE:** Defendants object to this request as it seeks information that is attorney client and/or attorney work product privileged and will not produce documents responsive to this request. Subject to and without waiving those objections, Defendants state that Steven Abelman, Kevin Cudney and Sara Mares of Brownstein Hyatt Farber Shreck, LLP have represented the Defendants. Defendants object to this request as overly broad and burdensome.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:** Produce all bank statements, check images, wire transfer records, real estate settlement statements, or other documents that show whether and to what extent life insurance proceeds, directly or indirectly, were used to acquire either or both of the real properties located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503 and 3018 South Lakeridge Trail, Boulder, CO 80302.

**RESPONSE:** In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control. Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

21

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**  For this request, please refer to the document attached hereto as Exhibit 1 and paragraph B under "Recitals." Produce the declaration of trust, or trust agreement, or other trust instrument together with any supplements, amendments, or attachments, for each of the "Insurance Trusts."

**RESPONSE:**  None exist, to the best of Defendants' knowledge.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**  For the period January 1, 2018, to present, produce check images or bank records showing payment of expenses associated with the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503 or at 3018 South Lakeridge Trail, Boulder, CO 80302 including real estate taxes, property insurance, utilities, and repairs or improvements.

**RESPONSE:**  Defendants object to this request as overly broad and burdensome and not relevant to Plaintiff's claims or proportional to the needs of the case. Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents to the extent they exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**  Produce all emails, letters, or other written communications related to property insurance for the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503 or at 3018 South Lakeridge Trail, Boulder, CO 80302 together with declarations reflecting the named insureds.

**RESPONSE:**  In addition to their general objections, Defendants object to this request as it requests documents of a non-party that are not in their custody or control.  Defendants object to this request as overly broad and burdensome and not relevant to Plaintiff's claims or proportional to the needs of the case.  Subject to and without waiving their objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**  Produce federal and state tax returns, including all schedules and K-1s, for Magnus Veritas, LLC, for the years 2018 continuing to present.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**  Produce federal and state tax returns, including all schedules and K-1s, for GCS452, LLC, for the years 2018 continuing to present.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**  Produce federal and state tax returns, including all schedules and K-1s, for Wycoff Financial, LLC, for the years 2015 continuing to present.

**RESPONSE:**  Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents to the extent they exist and can be located.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**  For any individual or entity identified in response to Interrogatory No. 2, produce all emails, letters, facsimiles, settlement agreements, or other written communications concerning such individual or entity's claim against Jeffrey Wycoff's estate.

**RESPONSE:**  Defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:** For any payment to any person identified in response to Interrogatory No. 3, produce all bank statements, check images, wire transfer records, or other records that trace or otherwise show any and all transfers of money by or among any of the Defendants, or Azuraye Wycoff, Devon Wycoff, or any entity or trust controlled by any of them, or any agent or attorney of any of them, to facilitate the making of such payment.

**RESPONSE:** In addition to their general objections, Defendants object to this request in that it seeks documents from non-parties and/or documents subject to attorney client and/or attorney work product privilege. Defendants object to this request as unduly burdensome. Subject to and without waiving their objections, Defendants will produce responsive non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:** Produce any and all documents that were considered or reviewed in connection with the preparation of responses to the foregoing interrogatories.

**RESPONSE:** Subject to and without waiving their general objections, Defendants will produce responsive non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:** Produce any documents obtained, prepared, or exchanged in connection with any listing for sale, negotiations to purchase or sell, offer or counteroffer to purchase or sell, or actual purchase or sale of the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503, including without limitation any surveys, property inspections, reports, due diligence materials, appraisals, offers, counteroffers, inspection objections, title commitments, closing documents, or written communications concerning the same.

**RESPONSE:** Subject to and without waiving their general objections, Defendants will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**   For this request, reference is made to the document Bates labeled Wycoff 000068 previously produced by Defendants, which is the 'Sellers Statement of Settlement" prepared by Land Title Guaranty Company in connection with the transfer of the real property located at 9417 and 9421 North Foothills Highway, Longmont, CO 80503 by Wycoff Financial, LLC to Magnus Veritas, LLC. The document references an amount of $39,621.61 "Due from Seller/Owner." Produce all bank records, check images, wire transfer records, or other documents that show the payment of the $39,621.61 amount and, if applicable, any transfers of money that were made in connection with funding all or part of the $39,621.61 amount.

**RESPONSE:**   Subject to and without waiving their general objections, Defendants will produce all responsive, non-privileged documents.

## **VERIFICATION**

I, Merrie Pisano Wycoff, affirmatively state, under penalty of perjury, that I have reviewed **DEFENDANTS' ANSWERS TO PLAINTIFFS' INTERROGATORIES** and, subject to stated objections, verify that the responses to the Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated this 17th day of March, 2021.

Merrie Pisano Wycoff

Dated this 17th day of March, 2021.


/s *Steven E. Abelman*
Steven E. Abelman
Brownstein Hyatt Farber Schreck, LLP
410 17 Street, Suite 2200
Denver, Colorado 80202
303.223.1100
sabelman@bhfs.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2021, I electronically emailed the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY** to the following:

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, PC
1290 Broadway, Suite 600
Denver, Colorado 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

*Attorneys for Plaintiff*

*/s/ Catherine Olguin*
Catherine Olguin, Paralegal

22200734.3