## LIIMITED CONTINUING GUARANTY
### (Guaranty Limited to $1,000,000)

For value received, and to induce Midlab, Inc. with its principal place of business located at 140 Private Brand Way, Athens, Tennessee 37303 ("Lender") to extend credit or continue credit accommodations to ZAP! Products, Inc. located at 9417 N. Foothills Highway, Longmont, CO 80503 ("Debtor"), the undersigned guaranties the full, prompt, and complete payment of the Obligations defined below when due or, to the extent not prohibited by law, at the time Debtor becomes the subject of bankruptcy or other insolvency proceedings. The undersigned's obligation under this Guaranty is limited to $1,000,000 (the "Guaranty Limit"). "Obligations" means all loans, drafts, overdrafts, checks, notes, accounts receivable, and all other debts, obligations and liabilities of every kind and description, whether of the same or a different nature, arising out of credit previously granted, credit contemporaneously granted or credit granted in the future by Lender to Debtor, to Debtor, or to another guarantied or endorsed by Debtor, in all cases, up to and not exceeding the Guaranty Limit. Obligations include interest and charges and the amount of payments made to Lender or another by or on behalf of Debtor which are recovered from Lender by a trustee, receiver, creditor or other party pursuant to applicable federal or state law, and, to the extent not prohibited by law, all costs, expenses or attorneys' fees at any time paid or incurred before and after judgment in endeavoring to collect all or part of any of the foregoing, or to realize upon this Guaranty, or any collateral securing any of the above, including those incurred incident to any action or proceeding involving Debtor or the undersigned brought pursuant to the United States Bankruptcy Code.

This Guaranty is valid and enforceable against the undersigned even though any Obligation is invalid or unenforceable against Debtor.  This is an absolute and unconditional guaranty of payment and not of collection.  Lender shall not be required, as a condition of the liability of the undersigned, to resort to, enforce or exhaust any of its remedies against Debtor or any other party who may be liable for payment on any Obligation or to resort to, marshal, enforce or exhaust any of its remedies against any property given or held as security for this Guaranty or any Obligation. Lender's rights hereunder shall be reinstated and revived, and this Guaranty shall be fully enforceable, with respect to any amount at any time paid on account of the Obligations which thereafter shall be required to be resolved or returned by Lender upon the bankruptcy, insolvency, or reorganization of Debtor, the undersigned, or any other person, or as a result of any other fact or circumstance, all as though such amount has not been paid.

To the extent not prohibited by law, the undersigned expressly waives notice of the acceptance of this Guaranty, the creation of any present or future Obligation, default under any Obligation, proceedings to collect from Debtor or anyone else, all presentment, demand, notice and protest and any right to disclosures from Lender regarding the financial condition of Debtor or guarantor of the Obligations or the enforceability of the Obligations.  No claim, including, without limitation, any claim for reimbursement, subrogation, contribution or indemnification which the undersigned may, as a guarantor of the Obligations, have against a co-guarantor of any of the Obligations or against Debtor shall be enforced nor any payment accepted until the Obligations are paid in full, and no payments to or collections by Lender are subject to any right of recovery.

With respect to any of the Obligations, Lender may from time to time before or after revocation of this Guaranty, without notice to the undersigned and without affecting the liability of the undersigned, (a) release or agree not to sue any guarantor or surety, (b) fail to realize upon any of the Obligations or to proceed against Debtor or any guarantor or surety, (c) renew or extend the time of payment, (d) increase or decrease the rate of interest of the amount of the

EXHIBIT U

**MIDLAB_000009**

Obligations, (e) determine the allocation and application of payments and credits and accept partial payments, and (f) settle or compromise the amount due or owing or claimed to be due or owing from Debtor, guarantor or surety, which settlement or compromise shall not affect the undersigned's liability for the full amount of the unpaid Obligations. The undersigned expressly consents to and waives notice of all of the above. In addition to any other remedies available to Lender under this Guaranty, the undersigned agrees that Lender has the right to offset any amounts due the undersigned from Lender against any amounts owed to Lender by the undersigned under the provisions of this Guaranty or otherwise. The undersigned also consents to this Guaranty being governed by and construed exclusively in accordance with the laws of the State of Tennessee. To the extent not prohibited by law, with respect to any action brought by Lender to enforce any term of this Guaranty, the undersigned irrevocably consents to the exclusive jurisdiction and venue of any state court in Tennessee, where Lender has its principal place of business and where payments are to be made by Debtor and the undersigned.

The undersigned represents and warrants that he has relied exclusively on his own independent investigation of Debtor for his decision to guaranty Debtor's obligations now existing or thereafter arising. The undersigned agrees that he has sufficient knowledge of the Debtor to make an informed decision about this Guaranty, and that Lender has no duty or obligation to disclose any information in its possession or control about Debtor to the undersigned. The undersigned warrants to Lender that it has adequate means to obtain from Debtor on a continuing basis information concerning the financial condition of Debtor and that it is not relying on Lender to provide such information either now or in the future.

This is a continuing guaranty and shall remain in full force and effect until (i) Lender receives written notice of its revocation signed by the undersigned, (ii) Lender has actual notice of the death of the undersigned or, (iii) Guarantor has paid the Guaranty Limit. Upon revocation by written notice or actual notice of death, this Guaranty shall continue in full force and effect as to all Obligations contracted for or incurred before revocation, and as to them Lender shall have the rights provided by this Guaranty as if no revocation had occurred. Any renewal, extension or increase in the interest rate of any such Obligation, whether made before or after revocation, shall constitute an Obligation contracted for or incurred before revocation.  Obligations contracted for or incurred before revocation shall also include credit extended after revocation pursuant to commitments made before revocation.

The undersigned agrees to pay Lender all reasonable costs and expenses incurred by Lender in the enforcement or attempted enforcement of this Guaranty (including, but not limited to, reasonable attorney's fees), whether or not suit is filed in connection therewith, or in the exercise by Lender of any right, privilege, power, or remedy conferred by this Guaranty. No postponement or delay on the part of Lender in the enforcement of any right hereunder shall constitute a waiver of such right. The failure of any person or entity to sign this Guaranty shall not discharge the liability of any of the undersigned.

This Guaranty remains fully enforceable irrespective of any claim, defense, or counterclaim which the Debtor may or could assert on any of the Obligations, including, but not limited to, credits, defects, chargebacks, damages, discounts, allowances, failure of consideration, breach of warranty, payment, statute of frauds, statute of limitations, fraud, bankruptcy, accord and satisfaction, and usury, all of which the undersigned hereby waives along with any standing by the undersigned to assert any said claim, defense, or counterclaim.

This Guaranty benefits Lender, its successors and assigns, and binds the undersigned, his respective heirs, personal representatives, successors and assigns.

MIDLAB_000010

This Guaranty is intended by the undersigned and Lender as a final expression of this Guaranty and as a complete and exclusive statement of its terms, there being no conditions to the full effectiveness of this Guaranty. This Guaranty may not be supplemented or modified except in writing.

## NOTICE TO GUARANTOR

**You are being asked to guaranty the past, present and future Obligations of Debtor up to the Guaranty Limit. If Debtor does not pay, you will have to. You may also have to pay collection costs. Lender can collect the Obligations from you without first trying to collect from Debtor or another guarantor.**

Dated this _____11th_____ day of November, 2015

_____
Jeffrey Wycoff

WITNESS:

_____
(Name)

Russell Leadingham

**MIDLAB_000011**